IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL BELAS, | : | |
|     Plaintiff | : | CIVIL ACTION NO. 1:CV-04-505 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JUNIATA COUNTY SCHOOL DIST. | : | |
| AND THOMAS MUIR, | : | |
|     Defendants | : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    In the above-captioned action, Plaintiff seeks damages for alleged violations of due process and liberty interest, asserting <u>inter alia</u> that Defendants' actions have damaged her ability to find work as a public educator in the Commonwealth of Pennsylvania.  During discovery, a dispute arose regarding the relevancy of certain details of Plaintiff's prior employment.  Pursuant to a telephone conference on April 7, 2005, the Court found that the details of Plaintiff's prior employment was relevant to the issue of damages and within the scope of discovery.

    Plaintiff now comes before the Court seeking a protective order to prevent discovery of the contents of a separation agreement between Plaintiff and Bald Eagle Area School District.  (Doc. No. 59.)  Plaintiff asserts that the contents of this confidential agreement are not relevant to the issue of damages because the contents will never be known to potential future employers and therefore has no bearing on Plaintiff's employability.  Plaintiff also argues that the disclosure of the agreement's contents would circumvent litigation currently pending before the Court of Common Pleas of Centre County.  The Court disagrees.

First, the litigation presently before the Court of Common Pleas concerns whether the settlement agreement is a matter of public record under the Pennsylvania Right-to-Know Act. This question of state law is not germane to the instant issue of whether the agreement is relevant and should be discoverable, nor will this Court's ruling touch upon the agreement's applicability to the Right-to-Know Act. Plaintiff's efforts to protect the contents of the agreement in an unrelated state court action has no bearing on the agreement's discoverability in federal court.

Second, the contents of the separation agreement are relevant to Plaintiff's alleged damages. Even if the separation agreement itself may never affect future employment opportunities, the agreement may contain evidence germane to Plaintiff's general employability. The Federal Rules of Civil Procedure empowers the Court to issue protective orders "which justice requires to protect a arty or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. PROC. 26(c). However, the party seeking the order must "show good cause by demonstrating a particular need for protection" and by demonstrating such an injury "with specificity." Pearson v. Miller, 211 F.3d 57, 72 (3d Cir. 2000). Plaintiff has failed to show good cause for a protective order, asserting only that disclosure of the contents of the agreement would invade her privacy and somehow aid Defendant Muir in his "all out campaign to terminate the plaintiff and to ruin her career . . . ." (Doc. No. 59.) Accordingly, the Court will not issue an order preventing the disclosure of the contents of the separation agreement between Plaintiff and Bald Eagle Area School District. However, in the interest of justice, the Court will limit the disclosure of the documents to only Defendants' counsel for use solely in this litigation.

**AND NOW**, on this 25th  day of August, 2005, **IT IS HEREBY ORDERED** that disclosure of the contents of the separation agreement between Plaintiff and Bald Eagle Area School District shall be restricted to Defendants' counsel for use solely limited to the above-captioned case.  In all other respects, Plaintiff's request for a protective order (Doc. No. 59) is **DENIED**.

    S/ Yvette Kane
Yvette Kane
United States District Judge

Date: August 25, 2005